IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS DEWAYNE TRIBBY and
LINDA LAVINNA TRIBBY,

    Plaintiffs,

vs.

BUZ MATTSON and RAY KLEIN, INC.,
an Oregon Corporation, dba
PROFESSIONAL CREDIT SERVICE

    Defendants.

Civ. No. 07-6187-TC

FINDINGS AND RECOMMENDATION

Coffin, Magistrate Judge:

Before the court is plaintiffs' motion for summary judgment (#9). For the reasons that follow, I recommend that the motion be denied.

### Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact is resolved against the moving party, Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.

1 Findings and Recommendation

1976), and any inferences drawn from the underlying facts are viewed in the light most favorable to the nonmoving party. <u>Valadingham v. Bojorquez</u>, 866 F.2d 1135, 1137 (9th Cir. 1989).

The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. <u>Id.</u> at 323-24.

## Background

Plaintiffs are apparently indebted to a number of medical service providers, which have engaged defendant to collect the debts. Plaintiffs allege that defendant has violated section 1692g of the FDCPA by failing to provide sufficient verification of the debt. Plaintiffs move for summary judgment.

Plaintiffs allege, and the record demonstrates, that they

2 Findings and Recommendation

received a collection letter from defendants on December 18, 2006. Complaint, Exhibit C. Plaintiffs allege that they requested verification of the debt pursuant to 15 U.S.C. section 1692g. Requests for verification dated November 27, 2006, are referenced in defendants' December 18 letter; the record does not contain plaintiffs' previous correspondence or any previous bills sent by defendants. Rather, the collection notice put at issue in plaintiffs' motion for summary judgment is the December 18 collection letter.

In defendants' December 18 letter, they state that itemizations validating the debts had been sent to plaintiffs. That letter also included an itemized list of creditors, amounts owed, and interest rates. Complaint, Exhibit C. In plaintiffs' view, defendants' response was inadequate as a matter of law. Relying solely on a legal dictionary, plaintiffs contend that verification requires "[c]onfirmation of correctness, truth, or authenticity by affidavit, oath or deposition." Complaint, 9.

In order to prevail on summary judgment, plaintiffs must establish the absence of any genuine issue of material fact concerning defendants' alleged failure to provide the proper validation. Plaintiffs have failed to do so.

15 U.S.C. section 1692g(b) states that, upon a request for verification from the consumer,

> the debt collector shall cease collection of the debt, or any disputed portion thereof, until the <u>debt collector obtains verification of the debt</u> or a copy of a judgment, or the name and address of the original creditor, <u>and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector</u>.

3 Findings and Recommendation

Emphasis added. In the Ninth Circuit, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006) (quoting Chaudhry v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999)). FDCPA does not impose any duty upon the debt collector to investigate independently the validity of the amounts owed. Id. at 1174.

Plaintiffs received an itemized list of creditors, debts, and interest rates on December 18, 2006 (and apparently at earlier dates). Complaint, Exhibit C. Plaintiffs have failed to demonstrate that defendants have violated 15 U.S.C. § 1692g by failing to provide adequate verification of debts pursuant to their November 27, 2006, request for verification. Rather, the record suggests compliance.

### Conclusion

For the foregoing reasons, plaintiffs' motion for summary judgment (#9) should be denied.

Dated this 6 day of Nov., 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 Findings and Recommendation